UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| General Mills IP Holdings II, LLC, | Civil No. 09-1010 (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| Soyyigit Gida Sanayi ve Ticaret Anonim Sirketi, Soyyigit Group, and International Golden Foods, Inc., | |
| Defendants. | |

---

C. Ashley Callahan, Esq., Laura J. Borst, Esq., Richard J. Groos, Esq., and Timothy M. Kenny, Esq., Fulbright & Jaworski LLP, counsel for Plaintiff.

Russell M. Spence, Jr., Esq., The Spence Law Firm, counsel for Defendant.

---

The above-entitled action came on for hearing before the undersigned on the Motion for Preliminary Injunction filed by General Mills IP Holdings II, LLC ("Plaintiff" or "General Mills"). No counsel appeared on behalf of the Defendants. Having heard the argument of counsel, and based upon Plaintiff's Motion, Memorandum of Law in support thereof, supporting declarations, and upon all the files, records, and proceedings herein, the Court makes the following findings of fact and conclusions of law:

## GENERAL MILLS AND ITS MARKS

1. TRIX, the TRIX rabbit, and related marks such as SILLY RABBIT...TRIX ARE FOR KIDS are famous and well-known to American consumers. Since 1954,

General Mills, through its predecessors and affiliates, has continuously used the TRIX trademark in connection with fruit-flavored breakfast cereal. Based on an acquired registration, General Mills has priority in the TRIX trademark for cereal dating back to July 29, 1910.

2. General Mills uses TRIX and related marks with its cereal, yogurt, and other fruit-flavored products. General Mills has also used or licensed the use of TRIX on a variety of other food products, including flavored milk, yogurt, cereal bars, fruit-flavored snacks and frozen confections. General Mills' date of first use for these products is as follows: (a) flavored milk, March 2007; (b) frozen novelties, March 6, 1989; (c) yogurt, August 2, 1992; (d) fruit-flavored snacks, January 6, 1997; and (e) cereal bars, January 1, 2005.

3. In addition to its common law rights, General Mills also owns valid and subsisting federally registered trademarks. These include United States Trademark Registration Nos. 603,700, 1,553,126, 1,552,170, 1,581,803, 1,778,442, 1,923,941, 3,153,686, 2,678,304 and 2,962,524 (the "TRIX Registrations"). Several of these registrations are incontestable under 15 U.S.C. § 1065.

4. General Mills has continuously used TRIX on its cereal, yogurt, and cereal bar products since the date of first use for each that is set forth above. General Mills has also used TRIX in connection with frozen novelties, fruit-flavored snacks, and flavored milk in the past five years. General Mills currently uses TRIX as the primary brand name for its fruit-flavored cereal, yogurt, and cereal bars.

5. TRIX cereal and yogurt are available nationwide in a wide range of stores, including without limitation, wholesale stores such as Costco and Sam's Club, big-box retailers such as Target and Wal-Mart, regional grocery store chains, and local grocery and convenience stores. TRIX products are also sold to foodservice customers such as restaurants, hotels, schools/colleges, and other institutions.

6. General Mills has licensed the TRIX Marks for a variety of collateral goods, including toys, magnets, clothing, lip balm, key chains, fabric, bobbleheads, greeting cards, gift wrap, watches, and flip flops. Over 500,000 of these items have been sold in the past 5 years. The TRIX Marks have been primarily associated with fruit-flavored products, and packaging for TRIX products emphasizes that the products are fruit-flavored.

7. General Mills uses the TRIX trademark with numerous variations and stylized designs, and in connection with a wide variety of products described herein. The TRIX trademark and all of its variations and stylized designs will be collectively referred to hereafter as the "TRIX Marks."

**DEFENDANTS AND THEIR ACTIVITIES**

8. Soyyigit Gida Sanayi ve Ticaret Anonim Sirketi ("Soyyigit Gida") and Soyyigit Group ("Soyyigit Group") are Turkish companies that advertise, promote, and sell food products in Minnesota and throughout the United States. Soyyigit Gida and Soyyigit Group are collectively referred to herein as "Soyyigit." International Golden Foods, Inc. ("IGF") is an Illinois corporation which advertises, promotes, and sells food

products in Minnesota and throughout the United States. Soyyigit Gida, Soyyigit Group, and IGF are referred to collectively as the "Defendants."

9. On June 14, 2006, Soyyigit Gida filed Application Serial No. 79/027,780 with the United States Patent and Trademark Office to register the mark KENT BORINGER TRIX in connection with "fruit and vegetable juices, concentrates, syrups or powders used in the preparation of soft drinks, malt syrup for beverages, syrup for making lemonade, syrups for beverages, syrups for making fruit drinks, syrups for making soft drinks; non-alcoholic fruit extracts used in the preparation of beverages; non-alcoholic beverages containing fruit and vegetable extracts; non-alcoholic beverages made of fruit in the form of powder and granules; tomato juice; non-alcoholic beverages made with cola extract; isotonic beverages" (the "Soyyigit Application").

10. General Mills filed an opposition proceeding, Opposition No. 91178602, with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office to oppose registration of the Soyyigit Application based on its belief that it would be damaged by registration of the Soyyigit Application (the "Opposition Proceeding"). On March 14, 2008, in response to General Mills' discovery requests in the Opposition Proceeding, Soyyigit Gida stated that it had yet to commence use of the KENT BORINGER TRIX mark in the United States and stated that it had no documents related to any intended or actual use of the KENT BORINGER TRIX mark in the United States. The Opposition Proceeding is suspended pending the outcome of this civil action.

11. Soyyigit's "Trix" powdered drink mix is available for purchase in the United States. At least as early as the summer of 2008, Defendants began selling powdered drink mix in Minnesota under the designation "Trix." Soyyigit has also granted IGF exclusive rights to import and distribute "Trix" powdered drink mix on its behalf in the United States.

12. Soyyigit manufactures "Trix" powdered drink mix with product packaging designed to be sold in the United States. Defendants sell, advertise, and promote "Trix" powdered drink mix in Minnesota and throughout the United States.

13. Defendants registered the domain name TrixDrinks.com on May 5, 2007. Defendants are using a "privacy service" in connection with the trixdrinks.com domain name to hide their identities. Defendants operate an Internet website located at www.trixdrinks.com to advertise the "Trix" powdered drink mix. This website displays a logo bearing the designation "Trix Drinks."

14. On January 30, 2009, IGF filed Application Serial No. 77/660,108 with the United States Patent and Trademark Office to register the mark TRIX in connection with "marshmallows" (the "IGF Application."). The IGF Application included a specimen of use displaying a photograph of the "Trix" marshmallows product and packaging, and claiming a date of first use in interstate commerce of July 24, 2006. The stylization and font for "Trix" as displayed on the specimen of use is identical to the stylization and font for "Trix" as displayed on the "Trix" powdered drink mix.

15. The "Trix" powdered drink mix, packaging associated with the "Trix" powdered drink mix, the "Trix Drinks" logo and website, the "Trix" marshmallows, the packaging associated with the "Trix" marshmallows, and all associated uses by Soyyigit and IGF are hereafter referred to as the "Infringing Marks."

16. Defendants do not have General Mills' permission to use the TRIX Marks or the Infringing Marks.

17. Defendants began utilizing the Infringing Marks long after General Mills' began use of the TRIX Marks, and long after the TRIX Marks became famous.

## **FINDINGS, CONCLUSIONS, AND ORDERS**

18. A preliminary injunction should be granted in this case because General Mills has established (1) a likelihood of success on the merits, (2) irreparable harm absent the preliminary injunction, (3) the balance of harms favors granting a preliminary injunction, and (4) that the public interest favors granting a preliminary injunction.

19. General Mills is likely to succeed on the merits of its federal trademark infringement claim because (a) its use of the TRIX Marks is entitled to protection, and (b) the use of the Infringing Marks by Defendants is likely to confuse consumers as to the source of the products at issue.

20. There is a likelihood of confusion between the TRIX Marks and the Infringing Marks for the following reasons:

    (a) TRIX is a fanciful or arbitrary mark;

    (b) The TRIX Marks are strong and famous;

6

(c) The TRIX Marks and the Infringing Marks are virtually identical in sight, sound, and meaning;

(d) The products sold under the TRIX Marks and under the Infringing Marks are in close competitive proximity;

(e) There is evidence that Defendants intended to confuse the public;

(f) There is evidence of actual consumer confusion; and

(g) Consumers exercise a lesser degree of care when purchasing products such as those sold under the TRIX Marks and under the Infringing Marks.

21. Irreparable harm exists where there is trademark infringement, and General Mills is likely to succeed on its trademark infringement claim. Accordingly, General Mills has established the irreparable harm requirement necessary for issuance of a preliminary injunction.

22. The balance of harms favors granting a preliminary injunction in order to end the irreparable harm being suffered by General Mills.

23. The public interest favors granting a preliminary injunction because one of the primary purposes of the Lanham Act is to protect the public interest by preventing consumer confusion.

24. **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction is **GRANTED**. General Mills shall file a bond in the amount of $5,000 or post

cash to be held in escrow by the Clerk of United States District Court in the amount of $5,000.

    25.    Based on the findings set forth above, the Court hereby **ORDERS** that:

    (a)    Defendants shall immediately remove from sale or display, and recall, any and all products, catalogs, advertisements, and any other items or goods bearing "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks, or any word or words confusingly similar thereto. Defendants will also submit to the Court and serve upon General Mills within 30 days after the entry and service of this order, a written report detailing: (i) the number of all products produced, manufactured, made, imported or distributed by or for Defendants or under their control bearing "TRIX," "KENT BORINGER TRIX," the Infringing Marks, the TRIX Marks, or any word or words confusingly similar thereto; (ii) the number of such products removed and/or recalled; (iii) the number of such products Defendants received in response to the removal and recall; (iv) the amount of such products in inventory; and (vi) the physical location of all such products, separately identifying each product by product designation or product number.

    (b)    Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, are hereby preliminarily enjoined and restrained:

(i) From using "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the TRIX Marks;

(ii) From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples, and the like) containing "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to the TRIX Marks;

(iii) From registering, attempting to register, or maintaining any trademark, trade name, domain name, trade

designation, or other indicia of origin or source containing "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the TRIX Marks;

 (iv) From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the TRIX Marks;

 (v) From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of General Mills' trademark rights in the TRIX Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of General Mills by, with, or of any Defendant; and

 (vi) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in the subparagraphs above.

(c) Within 14 days after the entry and service of this order, Defendants shall submit to the Court and serve upon General Mills an inventory and the location of any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing or depicting "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks, or any other mark, name, or designation that includes "TRIX" (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), in connection with food products, including, without limitation, powdered drink mix and marshmallows. General Mills shall have the right to inspect, monitor, and verify the destruction and disposal of the listed inventory at their listed locations.

(d) Within 30 days after the entry and service of this order, Defendants shall submit to the Court and serve upon General Mills a list of all domain names containing a generic top-level domain or the .us country-code top-level domain incorporating "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks, or any word or words confusingly similar thereto.

(e) Within 30 days after the entry and service of this order, Defendants shall submit to the Court and serve upon General Mills a list of each port of entry through which their goods bearing "TRIX," "KENT

BORINGER TRIX," the Infringing Marks, or the TRIX Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to the TRIX Marks have entered the United States.

(f) Defendants are immediately prohibited from importing into the United States any infringing goods bearing "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to the TRIX Marks. Defendants are also immediately prohibited from transporting into the United States for export outside the United States any infringing goods bearing "TRIX," "KENT BORINGER TRIX," the Infringing Marks, or the TRIX Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to the TRIX Marks; and

(g) Within 30 days after the entry and service of this order, Defendants shall file with this Court and to serve upon General Mills a report in writing and under oath

setting forth in detail the manner and form in which Defendants have complied with each provision of this order.

**IT IS SO ORDERED.**

Dated: June 23, 2009	s/Donovan W. Frank
	DONOVAN W. FRANK
	Judge of United States District Court