# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

General Mills IP Holdings II, LLC,  Civil No. 09-1010 (DWF/JSM)

        Plaintiff,

v.  **ORDER**

Soyyigit Gida Sanayi ve Ticaret Anonim
Sirketi, Soyyigit Group, and International
Golden Foods, Inc.,

        Defendants.

---

C. Ashley Callahan, Esq., Laura J. Borst, Esq., Richard J. Groos, Esq., and Timothy M. Kenny, Esq., Fulbright & Jaworski LLP, counsel for Plaintiff.

Elizabeth Hunt Schoettly, Esq., Law Offices of Elizabeth Hunt Schoettly; Holly J. Newman, Esq., Mackall, Crounse & Moore, PLC, counsel for Defendants.

---

      This matter came before the Court on August 18, 2009, on Defendants' motion to reconsider the Court's June 23, 2009 Order (Doc. No. 28) granting a preliminary injunction and a motion to stay enforcement of the Order granting the preliminary injunction to the Plaintiff. On July 24, 2009, the Court entered an Order granting in part and staying in part the preliminary injunction. (Doc. No. 68.) Specifically, the preliminary injunction was temporarily stayed as to Defendant Soyyigit Gida Sanayi ve Ticaret Anonim Sirketi and Soyyigit Group ("Soyyigit Defendants"). The Court declined to stay the preliminary injunction as to Defendant International Golden Foods, Inc.

Further, on July 24, 2009, the Court directed the parties to agree on the nature, scope, and timeline for expedited discovery relevant to Defendants' ability to comply with the preliminary injunction and/or any related issues given Plaintiff's pending motion for contempt. Magistrate Judge Janie S. Mayeron entered a discovery order relating to the pending motions before the Court and with specific reference to Plaintiff's motion for contempt.

On August 3, 2009, as the Court noted in its Order of August 5, 2009, Defendants submitted a memorandum of law in support of a motion pursuant to Rule 12(b), arguing that the Court should dismiss this action for lack of jurisdiction or, in the alternative, transfer this action to the Northern District of Illinois. Defendants further argued that the action should be dismissed because of General Mills' acquiescence and due to laches.

Based on the Defendants' submissions on August 3, 2009, the Court entered another order, as noted above, on August 5, 2009, in which it determined that the motion papers of the Defendants went beyond the scope of the Court's July 24, 2009 Order which granted Defendants' request to file a motion to reconsider the preliminary injunction, not a motion to dismiss. The Court did agree, consistent with its prior orders, to entertain issues regarding jurisdiction and venue as they relate to the Soyyigit Defendants, but not as they relate to Defendant International Golden Foods, Inc. The August 5, 2009 Order made it clear that the Court would not reconsider the preliminary injunction as it applies to Defendant International Golden Foods, Inc. The Court reserved the right to set an

evidentiary hearing on any matters raised in Defendants' motion to reconsider, if necessary.

Based upon the presentations of the parties, and the Court having reviewed the record before the Court, including the procedural history, and being otherwise duly advised in the premises, the Court enters the following Order, consistent with its remarks off the bench on August 18, 2009.

### ORDER

1. Defendants' motion for the Court to reconsider or otherwise vacate and dismiss the preliminary injunction as to the Defendants is **DENIED**. However, consistent with the Court's remarks off the bench at the time of the hearing, the preliminary injunction as to Defendants Soyyigit Gida Sanayi ve Ticaret Anonim Sirketi and Soyyigit Group ("Soyyigit Defendants") is **STAYED** until midnight on Friday, August 21, 2009. The express purpose of the stay is to permit the parties to agree to any modifications in the language that will need to be addressed, if necessary, now that the preliminary injunction is in effect for all Defendants. In the event there are no modifications reached by stipulation or other order of the Court, the preliminary injunction, as currently in effect as to Defendant International Golden Foods, Inc., and the specific terms of the preliminary injunction that was filed on June 23, 2009, will be in full force and effect as to all Defendants.

2. The Court reserves the right to set either a testimonial or nontestimonial hearing on the issue of contempt. However, consistent with the Court's remarks off the

bench, the Court urges the parties to discuss resolution of the contempt issue as it relates to Defendant International Golden Foods, Inc.

3. The Court reserves the right to order attorney fees and costs in the event the Court concludes that the conduct of a party precipitated or otherwise made necessary either motions for contempt or additional motions before the Court to enforce the existing orders of the Court.

4. **Scheduling Conference With Magistrate Judge Mayeron**. The Court respectfully directs the parties, consistent with its remarks off the bench, to contact Magistrate Judge Mayeron's calendar clerk, Katie Haagenson, who can be reached at 651-848-1190, for the purpose of setting up a scheduling conference to address all scheduling issues as required by the rules in the best interests of the parties.

5. The Court reserves the right to hear a properly scheduled motion to dismiss, once fully briefed.

6. The Court reserves the right to hear any additional issues with respect to venue at the appropriate time.

7. To the extent that Defendants requested motions on August 18, 2009, to move this Court to dismiss for lack of jurisdiction or to alternatively change venue, consistent with the Court's remarks off the bench on that date, those motions at this time are **DENIED WITHOUT PREJUDICE** to Defendants. The Court incorporates into this

provision its remarks off the bench on August 18, 2009, as related to jurisdiction and venue.

Dated:  August 20, 2009            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge