IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GENERAL MILLS IP HOLDINGS II, LLC, § § § Plaintiff, § § v. § § SOYYIGIT GIDA SANAYI VE § TICARET ANONIM SIRKETI, § SOYYIGIT GROUP, and § INTERNATIONAL GOLDEN FOODS, § INC., § § Defendants. § | CIVIL ACTION NO. 0:09-CV-01010-DWF-JSM |

**DEFENDANT SOYYIGIT GIDA'S ANSWER TO FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, CYBERSQUATTING, AND UNJUST ENRICHMENT**

Defendant Soyyigit Gida Sanayi Ve Ticaret Anonim Sirketi ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Amended Complaint for Trademark Infringement, Dilution, Unfair Competition, Cybersquatting, and Unjust Enrichment (the "Amended Complaint") as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies the same.

2. Defendant admits that it is a Turkish company having its principal place of business at the location set forth in Paragraph 2 of the Amended Complaint. Defendant denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of the Amended Complaint.

- 2 -

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the same.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

5. Paragraph 5 of the Amended Complaint contains a description of Plaintiff's cause of action and/or jurisdictional allegations to which no response is required. Defendant denies the allegation that it is conducting or ever conducted any illegal activities.

6. Paragraph 6 of the Amended Complaint contains a description of Plaintiff's cause of action and/or jurisdictional allegations to which no response is required.

7. Paragraph 7 of the Amended Complaint contains a description of Plaintiff's cause of action and/or jurisdictional allegations to which no response is required.

## GENERAL MILLS AND ITS MARKS

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies the same.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the same.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint and therefore denies the same.

## DEFENDANT AND ITS ACTIVITIES

25. Defendant admits the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant admits that Plaintiff filed Opposition No. 91178602 on July 25, 2007, after the Patent and Trademark Office found that the KENT BORINGER TRIX mark was not likely to cause confusion with any registered mark. Defendant denies the remaining allegations set forth in Paragraph 26 of the Amended Complaint.

27. Defendant admits that its prior counsel served responses to certain discovery requests served in the Opposition proceeding. The answers speak for themselves and any inaccuracies contained in those answers have been corrected. Except as admitted, Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendant admits that the Opposition Proceeding was suspended after the Trademark Trial and Appeal Board denied Plaintiff's motion for summary judgment in that proceeding and Plaintiff decided to file a complaint involving most of the same issues with the federal District Court in Minnesota. Defendant denies the remaining allegations set forth in Paragraph 28 of the Amended Complaint. Defendant has amended its discovery responses in the Opposition Proceeding via discovery responses served in this litigation.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint as to when Plaintiff obtained knowledge of the alleged facts. Defendant denies the remaining allegations in Paragraph 29.

30. Defendant admits that Plaintiff has attached to the complaint a depiction of what appears to be one of Defendant's packages bearing the mark KENT BORINGER TRIX. Defendant denies the remaining allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint and therefore denies the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint and therefore denies the same.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint and therefore denies the same.

41. Defendant denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and therefore denies the same.

43. Paragraph 43 of the Amended Complaint contains a description of Plaintiff's Amended Complaint to which no response is required.  Defendant denies that it has used any mark that infringes any rights owned by Plaintiff.

44. Defendant denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Defendant admits the allegations set forth in Paragraph 45 of the Amended Complaint.  Defendant denies it ever used any "infringing mark" or that it was required to have Plaintiff's permission to use any mark owned by Defendant.

46. Defendant denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint and therefore denies the same.

## EFFECT OF DEFENDANT'S ACTIVITIES ON THE CONSUMING PUBLIC AND/OR GENERAL MILLS

50.     Defendant denies the allegations set forth in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations set forth in Paragraph 58 of the Amended Complaint.

## ANSWER TO COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

59. Defendant incorporates its responses to Paragraphs 1 through 58 of the Amended Complaint as though fully set forth herein.

60. Defendant denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Amended Complaint.

## ANSWER TO COUNT II:  FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

63. Defendant incorporates its responses to Paragraphs 1 through 62 of the Amended Complaint as though fully set forth herein.

64. Defendant denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Amended Complaint.

## ANSWER TO COUNT III:  FEDERAL DILUTION

66. Defendant incorporates its responses to Paragraphs 1 through 65 of the Amended Complaint as though fully set forth herein.

67. Defendant denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Amended Complaint.

## ANSWER TO COUNT IV:  FEDERAL UNFAIR COMPETITION

69. Defendant incorporates its responses to Paragraphs 1 through 68 of the Amended Complaint as though fully set forth herein.

70. Defendant denies the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of the Amended Complaint.

## ANSWER TO COUNT V:  FEDERAL CYBERSQUATTING

72. Defendant incorporates its responses to Paragraphs 1 through 71 of the Amended Complaint as though fully set forth herein.

73. Defendant denies the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Amended Complaint.

77. Defendant denies the allegations set forth in Paragraph 77 of the Amended Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of the Amended Complaint.

## ANSWER TO COUNT VI:  COMMON LAW TRADEMARK INFRINGEMENT

79. Defendant incorporates its responses to Paragraphs 1 through 78 of the Amended Complaint as though fully set forth herein.

80. Defendant denies the allegations set forth in Paragraph 80 of the Amended Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of the Amended Complaint.

82. Defendant denies the allegations set forth in Paragraph 82 of the Amended Complaint.

## ANSWER TO COUNT VII:  DILUTION UNDER STATE LAW

83. Defendant incorporates its responses to Paragraphs 1 through 82 of the Amended Complaint as though fully set forth herein.

84. Defendant denies the allegations set forth in Paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of the Amended Complaint.

## ANSWER TO COUNT VIII:  COMMON LAW UNFAIR COMPETITION

86. Defendant incorporates its responses to Paragraphs 1 through 85 of the Amended Complaint as though fully set forth herein.

87. Defendant denies the allegations set forth in Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations set forth in Paragraph 88 of the Amended Complaint.

## ANSWER TO COUNT IX: COMMON LAW PASSING OFF

89. Defendant incorporates its responses to Paragraphs 1 through 88 of the Amended Complaint as though fully set forth herein.

90. Defendant denies the allegations set forth in Paragraph 90 of the Amended Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Amended Complaint.

## ANSWER TO COUNT X: DECEPTIVE TRADE PRACTICES UNDER THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

92. Defendant incorporates its responses to Paragraphs 1 through 91 of the Amended Complaint as though fully set forth herein.

93. Defendant denies the allegations set forth in Paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations set forth in Paragraph 94 of the Amended Complaint.

## ANSWER TO COUNT XI: UNJUST ENRICHMENT

95. Defendant incorporates its responses to Paragraphs 1 through 94 of the Amended Complaint as though fully set forth herein.

96. Defendant denies the allegations set forth in Paragraph 96 of the Amended Complaint.

97. Defendant denies the allegations set forth in Paragraph 97 of the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

In response to the Paragraphs numbered 1 through 16 following Paragraph 97 of the Amended Complaint, Defendant responds that Plaintiff is not entitled to any relief whatsoever, and that judgment should be entered in favor of Defendant and against Plaintiff. To the extent not otherwise addressed in the preceding paragraphs, any remaining allegations are hereby denied.

## JURY DEMAND

Defendants demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against "Soyyigit Group" are barred because no such corporation exists and thus "Soyyigit Group" is not a legal entity that may be sued.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the equitable doctrine of waiver.

#### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the equitable doctrine of acquiescence.

#### SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the equitable doctrine of estoppel.

#### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the equitable doctrine of unclean hands.

#### EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the equitable doctrine of fair use.

#### NINTH AFFIRMATIVE DEFENSE

Any finding of likelihood of confusion or dilution is precluded by the fact that Plaintiff has acquiesced in use of Plaintiff's alleged mark Trix by numerous third parties.

#### TENTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action contained therein, is barred by the fact that Plaintiff has suffered no damage and has lost no sales as a result of any act by Defendant.

Date: May 17, 2010                    SOYYIGIT GIDA

*s/ Timothy J. Pramas*
Timothy J. Pramas (#240321)
Jacqueline D. Kuiper (#389387)
MANTY & ASSOCIATES, P.A.
510 First Avenue North, Suite 305
Minneapolis, MN 55403
(612) 465-0990 (telephone)
(612) 465-0954 (facsimile)

Michael A. Grow (*pro hac vice*)
Eric S. Baxter (*pro hac vice*)
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 857-6000 (telephone)
(202) 857-6395 (facsimile)

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 17, 2010, a true and correct copy of the foregoing has been served via email and first class mail to counsel for Defendant at the following addresses:

Timothy M. Kenny
Laura J. Borst
FULBRIGHT & JAWORSKI L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2112

Richard J. Groos
C. Ashley Callahan
FULBRIGHT & JAWORSKI L.L.P
600 Congress Avenue, Suite 1900
Austin, Texas 78701

                                                      s/ *Jacqueline D. Kuiper*
                                                      Jacqueline D. Kuiper